**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17-cr-63 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUN OPINION AND |
| | ) | ORDER |
| EDWARD JEWELL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Edward Jewell ("Jewell") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 59 ["§ 2255 Mot."].) Plaintiff United States of America (the "government") filed a motion to dismiss Jewell's § 2255 motion. (Doc. No. 61 ["MTD"].) For the reasons that follow, the government's motion to dismiss is GRANTED, and Jewell's motion to vacate is DISMISSED.

**I.  BACKGROUND**

On June 14, 2017, Jewell pled guilty, with the benefit of a plea agreement, to one count of possession with intent to distribute approximately 2991.09 grams of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (Minutes 6/14/2017; Doc. No. 25 (Plea Agreement ["Pl. Ag."]); Doc. No. 53 (Plea Hearing Transcript ["Pl. TR"]); *see* Doc. No. 9 (Indictment).) The plea agreement contained a broad waiver provision restricting Jewell's appellate rights including his right to take a direct appeal and a collateral attack of his sentence. With respect to the latter, the waiver provision generally

precluded the filing of a "proceeding under 28 U.S.C. § 2255." (Pl. Agr. ¶ 21.) Carved out of the waiver was the right to appeal: "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines[.]" (*Id*.) The waiver further provided that "[n]othing in [the waiver] shall act as a bar to [Jewell] perfecting any legal remedies [Jewell] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id*.)

Jewell was sentenced on November 1, 2017. After entertaining argument from counsel, and having previously reviewed the parties' sentencing memoranda, the Court determined that Jewell qualified as a career offender, resulting in a criminal history category of VI, and that his offense level was 31 after all appropriate adjustments were applied, resulting in an advisory guideline range of 188 to 235 months. (Doc. No. 49 (Sentencing Hearing Transcript ["Sen. TR"]) at 484[1].) The Court sentenced Jewell to a low-end guideline sentence of 188 months imprisonment. (Doc. No. 43 (Judgment); Sen. TR at 511.) The Court also ordered forfeiture of $218,750 and imposed a $100 special assessment. (*Id*.)

Jewell took a timely appeal from the Court's judgment, challenging the Court's determination that he qualified as a career offender under the sentencing guidelines. In a decision dated July 6, 2018, the Sixth Circuit dismissed the appeal as barred by the waiver provision in Jewell's plea agreement.[2] (Doc. No. 54 (Order) at 566.) In so ruling, the Sixth Circuit noted that

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] Specifically, the Sixth Circuit explained: "[o]n appeal, Jewell only contests the district court's finding that he qualifies as a career offender. However, this argument is foreclosed on appeal as it is within the scope of his appellate waiver. If Jewell had wished to preserve this challenge on appeal, he could have bargained for it." (*Id*., citing *United States v. Beals*, 698 F.3d 248, 255−56 (6th Cir. 2012)).

2

Jewell did not challenge the sufficiency of the plea agreement or the plea colloquy and further found that "a review of the colloquy shows that the district court adhered to the Federal Rule of Criminal Procedure 11." (*Id*.)

In his § 2255 motion, Jewell once again challenges the Court's finding that he qualified as a career offender. (§ 2255 Mot. at 581.) The government insists that this argument is barred by the waiver provision in the plea agreement, and that, in any event, Jewell's argument fails on the merits.

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient

facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*.

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962 Where (as here) the judge considering the § 2255 motion also presided over the

sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The allegations offered in support of the present motion are either contradicted by the record, conclusively waived, or amount to vague conclusions that fail to demonstrate that Jewell is entitled to relief from his judgment.

### III. DISCUSSION

#### A. Jewell's Challenge to his Career Offender Status is Waived

The government argues that Jewell is procedurally barred from pursuing his sole ground for relief because "he knowingly and voluntarily waived his appellate rights." (MTD at 603.) The Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488,490 (6th Cir. 2017). As long as the appeal waiver agreement is made knowingly and voluntarily, courts will enforce the waiver. *See Morrison*, 852 F.3d at 490; *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Here, the record from the change of plea hearing is clear that the Court ensured that Jewell fully understood the terms of the waiver provision, including the rights he was forfeiting by agreeing to it, and that he voluntarily entered into it. As the Sixth Circuit determined when it dismissed Jewell's direct appeal, the Court's plea colloquy conformed to Fed. R. Civ. 11, which requires the district court to place the defendant under oath, address him in open court, and

inform him of the terms of his appellate-waiver prior to accepting his plea of guilty. *See* Fed. R. Crim. P. 11(b)(1)(N). After placing Jewell under oath, the Court reviewed with him the plea agreement and the rights he was giving up by entering a guilty plea, and he indicated that he understood those rights. (Pl. TR at 536–38.)

The Court then proceeded to go through the plea agreement to ensure that Jewell understood it. With respect to the waiver provision contained in ¶ 21, the Court reviewed that provision with Jewell and asked whether he understood it, to which he replied that he did. (*Id*. at 552–53.) The Court also inquired as to whether anyone had made any assurances, promises, or representations to him that were not contained in the plea agreement, to which he replied "No, Your Honor," and further asked him whether he had been coerced or forced to enter a plea of guilty, to which he, again, replied "No, Your Honor." (*Id*. at 558–59.) Finally, the Court asked if his plea was given freely and voluntarily and if it was being tendered because he was guilty of the charged offenses, and Jewell responded affirmatively. (*Id*. at 556, 559; *see also id*. at 559 [Court: "And are you now certain that you still wish to enter a plea of guilty in this case, Sir?"; Jewell: "Yes, Your Honor."].)

Based on the foregoing, it is evident that Jewell entered a voluntary and knowing guilty plea, after having been afforded sufficient time in which to consult with counsel, and fully cognizant of the rights he was waiving by changing his plea to guilty.[3] (*See* Pl. TR at 558–59.) Because Jewell tendered a knowing and voluntary guilty plea, the waiver provision in the plea agreement is enforceable and his sole ground for relief is waived.

---

[3] With respect to career-offender enhancement, at the plea hearing the Court explained that it was possible that the Court would determine at sentencing that he was a career offender and explained how that would affect his sentence if such a determination was made. Jewell indicated that he understood. (Pl. TR at 548–49.)

### B. Jewell's Sentencing Argument Fails on the Merits

If the Court were to reach the merits of Jewell's motion, it would be denied. At sentencing, the Court determined that Jewell qualified for career-offender enhancement under U.S.S.G. § 4B1.1 based, in part, on a prior state drug conviction under Ohio Rev. Code § 2925.03(A)(2). In his motion to vacate, Jewell relies on *United States v. Powell*, 781 F. App'x 487 (6th Cir. 2019) to argue that Ohio Rev. Code § 2925.03(A)(2) no longer qualifies as a predicate offense under U.S.S.G. § 4BI.1. (§ 2255 Mot. at 581.) But *Powell* related to controlled substances offenses under Ohio Rev. Code § 2925.03(A)(1), not § 2925.03(A)(2). *See Powell*, 781 F. App'x at 489–90. Section 2925.03(A)(2) of the Ohio Revised Code, the provision under which Jewell was previously convicted, remains a valid career-offender predicate. *See United States v. Wright*, 43 F. App'x 848, 853 (6th Cir. 2002); *see, e.g., Moore v. Merlak*, No. 1:17-cv-170, 2019 WL 402862, at *3 (N.D. Ohio Jan. 31, 2019) (denying habeas petition and noting that "the Sixth Circuit has concluded that [Ohio Rev. Code] § 2925.03(A)(2) is a career-offender predicate offense") (citing cases)). Because the Court properly treated Jewell's prior state court conviction under Ohio Rev. Code § 2925.03(A)(2) as a predicate offense in determining his status as a career offender, Jewell's motion would fail on the merits.

## IV. Conclusion

For all of the foregoing reasons, the government's motion to dismiss Jewell's motion to vacate is GRANTED, and Jewell's motion to vacate is DISMISSED. Further, the Court CERTIFIES that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 4, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**